IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CR-28-F-1

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>vs. )<br>)<br>TRAVIS RYDELL BYRD, )<br>)<br>Defendant. )<br>)<br>_____ ) | **PRELIMINARY ORDER OF FORFEITURE** |

Before the court is the Government's Motion for Issuance of Order of Forfeiture pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure.[1] [DE 32].

On March 16, 2016, Defendant was charged in a three-count indictment with violations of the Controlled Substance Act, 21 U.S.C. § 841(a)(1), and the Gun Control Act, 18 U.S.C. §§ 922(g)(1), 924(c)(1)(A). The indictment's forfeiture notice identifies the following as forfeitable property: (1) a 9mm semiautomatic Israel Military Industries, Model Desert Eagle, handgun bearing serial number 126063; (2) a .45 caliber semiautomatic Israel Military Industries, Model Jericho 45FS, handgun bearing serial number 20309793; (3) a 7.62x39 semiautomatic MAG Tactical Systems, Model MG-G4, pistol bearing serial number MTS20140; (4) one hundred twelve (112) rounds of 9mm ammunition; (5) sixty-seven (67) rounds of .45 caliber ammunition; and (6) seventy-eight (78) rounds of 7.62 ammunition. According to the Government, the forfeitable property is worth less than $1,000 and it is unaware of any other potential claimants.

On August 29, 2016, Defendant entered into a Memorandum of Plea Agreement as to counts one (21 U.S.C. § 841(a)(1)) and three (18 U.S.C. §§ 922(g)(1), 924) and agreed, *inter*

---

[1] This civil forfeiture may be pursued in this criminal proceeding by virtue of 28 U.S.C. § 2461(c).

USA v. Byrd
No. 7:16-cr-28-F-1
Page 2

*alia*, to "voluntarily forfeit and relinquish to the United States" the above property. *See* Mem. Plea Agreement ¶ 2(e) [DE 28]. Accordingly, the forfeitable property is part and parcel of the offenses to which Defendant pled guilty. By virtue of the Memorandum of Plea Agreement and Defendant's agreement therein, the court finds the United States "has established the requisite nexus between the property and the offense"[2] and is therefore entitled to possession of said property pursuant to 18 U.S.C. § 924(d)(1) and 21 U.S.C. § 853.[3]

Accordingly, it is ORDERED as follows:

(1) The Government's motion [DE 32-1] is ALLOWED;

(2) The United States is authorized to seize the above-stated property, and that property is forfeited to the United States for disposition in accordance with the law, as allowed by Fed. R. Crim. P. 32.2(b)(3). This Order is now final as to Defendant.[4]

(3) The Government is relieved from the notice requirements set forth in Supplemental Rule G(4) of the Federal Rules of Civil Procedure;[5] and

(4) The Clerk of Court is DIRECTED to incorporate a reference to this Preliminary Order of Forfeiture in the applicable section of the Judgment in a Criminal Case.[6]

SO ORDERED.

This the 21st day of December, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

---

[2] FED. R. CRIM. P. 32.2(b)(1)(A).
[3] 18 U.S.C. § 924(d)(1) provides in relevant part that "[a]ny firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 924 . . . shall be subject to seizure and forfeiture . . . ." 21 U.S.C. § 853 provides in relevant part that with respect to "[a]ny person convicted of a violation of this title . . . punishable by imprisonment for more than one year . . . [t]he court, in imposing sentence on such person, shall order . . . that the person forfeit to the United States all property described in this subsection."
[4] *See* FED. R. CRIM P. 32.2(b)(4)(A) (stating a preliminary forfeiture order is final as to the defendant at "sentencing – or at any time before sentencing if the defendant consents . . . .").
[5] *See* FED. R. CIV. P. SUPP. R. G(4)(a)(i),(b).
[6] *See* FED. R. CRIM. P. 32.2(b)(4)(B).